UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHILOH THERIAULT,

      Plaintiff,

v.                                    Case No:  8:14-cv-1374-T-17AEP

DANIEL STRATTON, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's construed motion to proceed *in forma pauperis* (Dkt. No. 9 at 6).[1] For the reasons that follow, I recommend that the construed motion to proceed *in forma pauperis* be denied and this action be dismissed.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it sua sponte if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to

---

[1] Although Plaintiff did not file a separate motion seeking leave to proceed *in forma pauperis*, his amended complaint contains such a request. (Dkt. No. 9 at 6.) Accordingly, construing Plaintiff's request liberally, the Court construes the request contained in Plaintiff's amended complaint as a motion to proceed *in forma pauperis*.

state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or "without arguable merit either in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

In reviewing a complaint, courts hold pro se pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Here, Plaintiff alleges that Defendants stole a manuscript authored by Plaintiff. He contends that this Court has jurisdiction over the action, which the Court can only construe as a common law claim for conversion, because this Court has jurisdiction over "the electrowaves coming over state lines from New York, [New York]." (Dkt. No. 9 at 2, 3.) Plaintiff's complaint is deficient for several reasons. First, Plaintiff has failed to state a valid basis for this Court's jurisdiction over Plaintiff's construed claim for conversion.[2] Second, Plaintiff's complaint fails to comport with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a pleading must state a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought. Fed. R. Civ. P. 8(a). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's complaint, as currently proposed, is a rambling, unfocused litany of allegations against Defendants that fails to establish any cognizable cause of action. Accordingly, Plaintiff's allegations fall far short of the *Iqbal* requirements. *See id.* ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (internal quotation marks and citation omitted)). Even providing liberal construction to Plaintiff's complaint, he has failed to set forth sufficient facts to state a claim for relief that is plausible on its face.[3]

---

[2] Plausibly, Plaintiff could be attempting to assert jurisdiction under 28 U.S.C. § 1332. However, even if Plaintiff appropriately asserted diversity jurisdiction, Plaintiff has not asserted sufficient facts to establish that this Court is the appropriate venue for Plaintiff's action. *See* 28 U.S.C. § 1391(b).

[3] As to Plaintiff's construed motion to proceed *in forma pauperis*, the Court notes that Plaintiff did not submit a notarized Affidavit of Indigency with his request. (Dkt. No. 9 at 6.) Without notarization, the Court cannot accept Plaintiff's contentions as sworn evidence in support of Plaintiff's proof of indigency. *Irizarry v. Carver*, No. 2:07-cv-154-J-33MCR,

For the foregoing reasons, Plaintiff's amended complaint should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); *Carroll*, 984 F.2d at 393; *see Thompson v. Adamson*, 247 Fed. App'x 178, 179 (11th Cir. 2007) (per curiam) (noting that federal courts have discretion to dismiss pro se complaints if they lack an arguable basis in fact or in law).  Accordingly, after due consideration, it is hereby

RECOMMENDED:

1.  Plaintiff's construed motion to proceed *in forma pauperis* (Dkt. No. 9 at 6) be DENIED and this action be DISMISSED.

2.  The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff.

DONE AND ORDERED in Tampa, Florida, this 2nd day of July, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

2007 WL 1239216, at *2 (M.D. Fla. Apr. 27, 2007).  Thus, even if Plaintiff's amended complaint was not deficient, I would still recommend that Plaintiff's construed motion to proceed *in forma pauperis* be denied, albeit with leave to amend.

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).


cc: The Honorable Elizabeth A. Kovachevich
Plaintiff, pro se